UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MASTER CUTLERY, INC., ) | |
|     *Plaintiff*, ) | |
| ) | |
| *vs.* ) | 1:13-cv-00819-JMS-DML |
| ) | |
| PACIFIC SOLUTION MARKETING, INC., ) | |
|     *Defendant.* ) | |

## ORDER

Presently pending before the Court is Defendant Pacific Solution Marketing, Inc.'s ("Pacific") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). [Dkt. 21.] For the following reasons, the Court **GRANTS** the Motion.

### I.
### BACKGROUND

Plaintiff Master Cutlery, Inc. ("Master Cutlery") is organized under the laws of the state of New Jersey, and its principal place of business is in Secaucus, New Jersey. [Dkt. 38 at 2, ¶ 3.] It is an importer and seller of knives bearing its various registered copyrights, trademarks, and trade dress ("Master Cutlery IP"). [*Id.* at 3-4, ¶¶ 9–13.]

Defendant Pacific is organized under the laws of the state of California, and its principal place of business is in Ontario, California. [Dkt. 22-1 at 1, ¶ 1.] Master Cutlery alleges that Pacific has manufactured, produced, advertised, and/or sold knives bearing the Master Cutlery IP without its permission. [Dkt. 38 at 4-5, ¶¶ 22–23.] It further accuses Pacific of attempting to profit off of Master Cutlery's goodwill and creating a likelihood of consumer confusion through the use of Master Cutlery IP without authorization. [*Id.* at 5, ¶¶ 24–29.]

### A. The Lawsuit

On April 30, 2013, Master Cutlery filed suit in state court against Pacific, alleging seven causes of action: copyright infringement under 17 U.S.C. § 101 *et seq.*; trademark infringement under 15 U.S.C. § 1114; trademark dilution under 15 U.S.C. § 1125(c); false designation of origin or sponsorship, false advertising, and trade dress infringement under 15 U.S.C. § 1125(a); common law trademark and copyright infringement; unfair competition; and theft under Ind. Code § 35-43-4-2(a). [Dkt. 1-2 at 8-14.] The matter was removed to this Court on May 17, 2013. [Dkt. 1.]

### B. The California Action

On August 16, 2013, Pacific filed a separate lawsuit against Master Cutlery in the Central District of California, alleging patent and copyright infringement of a knife that is designed to resemble a revolver. *Pacific Solution Marketing, Inc. v. Master Cutlery, Inc.*, No. 5:13-cv-01469-JAK-OP (C.D. Cal. Aug. 16, 2013) (the "California Action"). A similar product appears to be at issue in this case. [*See* dkt. 38-5 at 13–14.] Master Cutlery asserted a counterclaim in the California Action, seeking a declaratory judgment of patent noninfringement, patent invalidity, copyright noninfringement, and copyright invalidity. [*See* dkt. 19 in the California Action.]

### C. The Motion to Transfer This Case

On August 26, 2013, Pacific moved this Court to transfer this matter to the Central District of California, where the California Action is pending. [Dkt. 21.] That is the motion currently pending before this Court.

Subsequently, Master Cutlery moved to amend its Complaint on October 17, 2013, [dkt. 34], which the Court allowed, [dkt. 37]. The Amended Complaint added two claims:

counterfeiting under Ind. Code § 35-43-5-2(a), and tortious interference with business relationships. [Dkt. 38 at 12–14.]

This Court has not yet issued any substantive orders regarding the merits of this case.

## II.
### APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The Court typically considers four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the situs of material events and access to proof; and (4) the interest of justice.  *No Baloney Mktg., LLC v. Ryan*, 2010 U.S. Dist. LEXIS 30296, \*26-35 (S.D. Ind. 2010).  The moving party bears the burden of showing that transfer will "serve the convenience of the parties, the convenience of the witnesses, and the interest of justice."  *Id.* at \*26.  Federal district courts, however, have the inherent power to administer their dockets so as to conserve scarce judicial resources.  *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

In the Seventh Circuit, "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).[1]

---

[1] Applying the law of the Fifth Circuit, the Federal Circuit called dicta *Coffey*'s "strong statement" about the independent considerations of judicial economy.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010).  To the extent that *Research Automation*'s reaffirmation of *Coffey*'s dicta might also be characterized as dicta – a question not considered in *In re Vistaprint* – the Court notes that the Seventh Circuit has cautioned lower courts to avoid "treat[ing] lightly" dicta "until disavowed," *Hendricks County Rural Electric Membership Corp. v. NLRB*, 627 F.2d 766, 768 n.1 (7th Cir. 1980).  Given the Seventh Circuit's strong concerns about judicial economy, *see, e.g., Neal v. Honeywell Inc.*, 191 F.3d 827, 830 (7th Cir. 1999) (reviving, for

Moreover, 28 U.S.C. § 1404(a) "permits a flexible and individualized analysis" and "affords the district courts the opportunity to look beyond the narrow or rigid set of considerations in their determinations." *Research Automation*, 626 F.3d at 978. This Court is "grant[ed] a substantial degree of deference…in deciding whether transfer is appropriate." *Id.*

### III.
#### DISCUSSION

Pacific argues that this case should be transferred to the Central District of California because both the interest of justice factors and the convenience of the witnesses and parties favor transfer. [Dkt. 22 at 6-10.] In response, Master Cutlery argues that its choice of this Court as its forum should be given great weight, and that the other relevant factors do not weigh in favor of transfer. [Dkt. 29 at 5-12.] In the alternative, Master Cutlery argues that the Motion to Transfer is premature, and more discovery is needed. [*Id.* at 12.] Pacific replies that Master Cutlery's choice of forum should be given little if any weight because it is not Master Cutlery's "home turf," and reiterates its other arguments in support of transfer. [Dkt. 30 at 2-11.] Master Cutlery filed a surreply,[2] arguing that it has not engaged in forum shopping. [Dkt. 31-1.]

**A. Interest of Justice**

Pacific argues that the interest of justice factors favor transfer. More specifically, it asserts that judicial expediency will be served because the median time for cases from filing to trial in the Central District of California is much shorter than in the Southern District of Indiana. [Dkt. 22 at 10.] Pacific also argues that California has an interest in resolving the dispute there

---

reasons of judicial economy, an ultimately meritorious argument made below but not raised on appeal because "[s]ometimes the judiciary must act in self-defense"), the Seventh Circuit does not appear likely to disavow *Coffey / Research Automation* anytime soon. This Court will act accordingly.

[2] Master Cutlery filed the requisite Motion for Leave to File Surreply, [dkt. 31], which Pacific did not oppose, and which the Court now grants.

because it, its employees, affected consumers, and the majority of the accused products are located in California. [Dkt. 22 at 10–11.] Pacific notes the existence of the California Action, and that it involves many of the same issues present in this litigation. [Dkt. 30 at 10.]

Master Cutlery responds that the interest of justice would be served if the case remained in this Court. It argues that the Central District of California is actually more congested than this district because it has a greater number of pending civil cases. [Dkt. 29 at 11.] Master Cutlery further contends that this case involves Indiana state law claims that are best resolved by a court in Indiana. [*Id.* at 11.]

The interest of justice focuses on "the efficient administration of the court system." *Research Automation*, 626 F.3d at 978 (citation omitted). Typically, courts evaluating this element consider four factors: (1) the courts' familiarity with the applicable law, (2) docket congestion and the speed at which the case will proceed to trial, (3) the desirability of resolving controversies in their locale, and (4) the relationship of each community to the controversy. *Id.* (citation omitted).

   1. *Familiarity with the applicable law*

The first factor, which balances each district's relative familiarity with the applicable law, is neutral. Four of Master Cutlery's causes of action are brought under federal intellectual property statutes, and both districts are familiar with and well-equipped to handle such issues. The remaining five counts allege violations of the Indiana Code or common law claims.[3] Generally, it is "advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). However, the Court is confident that the California Court can apply Indiana law effectively to

---

[3] The Court notes that Master Cutlery added the two new state law counts in its Amended Complaint, [dkt. 38 at 12–14], only after Pacific moved to transfer the case.

- 5 -

those claims. *See Heckler & Koch, Inc. v. Tippman Sport, LLC*, 2009 U.S. Dist. LEXIS 116306, *8 (S.D. Ind. 2009) (transferring trademark case to Utah (where related action was pending), even where Indiana law would apply to some claims, because "any federal district court will be equally capable of resolving the relatively uncomplicated types of claims asserted in this case, even those involving Indiana law"). Thus, familiarity with the applicable law weighs neither in favor nor against transfer.

### 2. *The speed at which the case will proceed to trial*

The speed-to-trial factor indicates that transfer is highly preferred. According to the Administrative Office of the United States Courts, based on the twelve-month period ending June 30, 2013, the median time from filing to trial for civil matters in the Southern District of Indiana was 36.2 months.[4] In contrast, the time to trial in the Central District of California was much shorter, at 19.3 months.

It is worth noting that Master Cutlery cites statistics indicating that as of September 2012, eight times more lawsuits were pending in the Central District of California compared to this district. However, Master Cutlery did not mention the corresponding difference in the number of judgeships. Taking into account the number of judges in this district versus in the Central District of California, this district actually has more pending cases per judge.

### 3. *The desirability of resolving controversies in their locale*

The third consideration, "the respective desirability of resolving controversies in each locale," *Research Automation*, 626 F.3d at 978, weighs in favor of transfer. There is great benefit in transferring a matter and consolidating it with another pending matter between the

---

[4] http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-june-2013.pdf&page=1 (last accessed December 6, 2013).

parties. A transfer and consolidation enables discovery to be better coordinated between the parties and enables the magistrate judge to explore a global settlement between them.

The California court is familiar with the parties and the dispute over their respective intellectual property rights.[5] Pacific filed a lawsuit alleging patent and copyright infringement based on Master Cutlery's production and sale of knives made to look like a revolver. Because both cases concern the parties' rights in the knives they are selling, transferring this matter would promote efficiency. Additionally, consolidating the cases would eliminate the possibility of inconsistent judgments regarding validity and infringement of the patents, copyrights, trademarks, and trade dress at issue.

### 4. *The relationship of each community to the controversy*

Finally, California's relationship to the controversy outweighs Indiana's. Both states have an interest in protecting their citizen-consumers from being misled through an entity's improper use of intellectual property. However, California, home to Pacific and its operations, has a unique interest in ensuring that corporations headquartered there comport with intellectual property laws and also that they receive fair protection under those laws. Indiana is home to neither corporation; thus, it does not share this interest.

Because the Central District of California will likely be able to resolve the matter significantly sooner than the Southern District of Indiana, with more efficiency through

---

[5] The Court acknowledges that Master Cutlery filed this lawsuit before Pacific initiated the California litigation. However, "[t]his circuit does not rigidly adhere to a 'first-to-file' rule." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). The Seventh Circuit Court of Appeals has instructed that the order of filing is part of the transfer analysis, but "should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum." *Research Automation*, 626 F.3d at 982. Accordingly, the Court gives this factor little or no weight.

consolidation, and with a greater interest in the controversy, the Court finds that the interest of justice strongly supports a transfer to the Central District of California.

### B. Convenience of Parties and Witnesses

The second branch of the transfer analysis considers the "convenience of parties and witnesses." 28 U.S.C. § 1404(a). Factors relevant to this "convenience" inquiry include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *CMG Worldwide, Inc. v. Bradford Licensing Assocs.*, 2006 U.S. Dist. LEXIS 98674, *10-11 (S.D. Ind. 2006) (citation omitted).

Pacific argues that California is more convenient than Indiana for the defendant and no less convenient for the plaintiff. It asserts that Master Cutlery's choice of Indiana as the forum should be given less weight because the Southern District of Indiana is not its home. [Dkt. 22 at 6.] It also argues that the fact that Plaintiff's counsel resides in Indiana is irrelevant to the transfer analysis. [Dkt. 30 at 3.] Further, Pacific contends that all material events, including decision making, designing, ordering, and selling, occurred in California, not Indiana, and that relevant documents as well as the accused products are located in California. [Dkt. 22 at 7.] According to Pacific, California is also more convenient for the witnesses; Two key witnesses are in California, within the subpoena power of the Central District of California and outside of this Court's subpoena power, and third-party key witnesses from China would expend significantly less time and expense travelling to California as compared to Indiana. [*Id.* at 9.]

Master Cutlery argues that Pacific merely wants to make trial more convenient for itself, which does not warrant transfer. [Dkt. 29 at 3.] It also asserts that because it bears the burden of proving its case, its choice of forum should not be disturbed. [*Id.* at 6.] Master Cutlery also

states that Continental Enterprises is an agent of plaintiff, acting on its behalf by investigating and protecting Master Cutlery's intellectual property and that Continental Enterprises' investigators and witnesses reside in Indiana. [Dkts. 29-1 at 2-3; 31-1 at 2.] It argues that the material events giving rise to this action, including the sale of infringing products to Master Cutlery's agents at Continental Enterprises, occurred in Indiana. [Dkt. 29 at 6.]

### 1. *The plaintiff's choice of forum*

The plaintiff's choice in forum is typically afforded some deference. However, where "the chosen forum is not the plaintiff's residence, the defendant's place of residence becomes more important in determining the convenience to the parties." *Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F. Supp. 1264, 1268 (N.D. Ind. 1987); *see also Volkswagen Aktiengesellschaft v. Dee Eng'g, Inc.*, 2003 U.S. Dist. LEXIS 3550, *6 (S.D. Ind. 2003) ("[L]ess deference is accorded the plaintiff's forum choice when the plaintiff chooses to litigate outside its home forum"). The rationale is that "if the plaintiff is suing far from home, it is less reasonable to assume that the forum is a convenient one." *Gullone v. Bayer Corp.* (*In re Factor VIII or IX Concentrate Blood Products*), 484 F.3d 951, 956 (7th Cir. 2007). Furthermore, "where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim, the deference traditionally given to that selection is lessened." *MPH Techs. Oy v. Zyxel Communs. Corp.*, 2010 U.S. Dist. LEXIS 72893, *5 (N.D. Ill. 2010); *see also CMG Worldwide*, 2006 U.S. Dist. LEXIS 98674 at *11-12 ("Where one of the plaintiffs is a[n out-of-state] entity and the connection between this forum and the events at issue is weak or even minimal, plaintiffs' choice of forum does not weigh against a transfer").

Accordingly, Master Cutlery's choice of Indiana is given little deference. It is not incorporated here and does not have its principal place of business here. The only connection is

that its counsel, who is also General Counsel for Continental Enterprises, is located here. Additionally, the factual connection to Indiana is weak, limited to the online purchase of allegedly infringing products by employees of Continental Enterprises. This, without more, does not establish a substantial factual connection and therefore does not warrant deference. Master Cutlery's choice of Indiana as its forum does not weigh against transfer.

### 2.  *The situs of material events*

The second factor, the situs of material events, weighs in favor of transferring this case. The only event Master Cutlery alleges to have occurred in Indiana is the online sale of infringing products, which is of little significance since the accused products are sold across the United States. *See CMG Worldwide*, 2006 U.S. Dist. LEXIS 98674 at *12-13 (the fact that some injury may have occurred in Indiana "proves too much. It would mean that plaintiffs could force defendants from anywhere to defend themselves in Indiana against plaintiffs' claims to have worldwide exclusive rights to Marilyn Monroe's right of publicity").

According to Pacific, and not disputed by Master Cutlery, the researching, designing, developing, and manufacturing occurred at Pacific's place of business in the Central District of California. [*See* dkt. 22 at 7 ("[T]he Central District of California is where Pacific's business decisions relevant to the allegations in the Complaint were made. The Central District of California is also where the material decision making events of design, ordering, and sales of the accused products occurred").

### 3.  *The relative ease of access to sources of proof*

The third factor, relative ease of access to sources of proof, weighs slightly in favor of transfer. Master Cutlery's evidence is primarily in Indiana, where its investigator, Continental Enterprises, is located. However, it is highly likely that there are also relevant documents in

New Jersey, where Master Cutlery maintains its business. Nearly all of Pacific's evidence – including documents and the accused products – is located in California where it maintains its business. Both parties will need to discover and rely upon the evidence produced by Pacific concerning its intellectual property use, which is located in California. *Cf. In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location") (citations omitted). "In other words, the greatest amount of discovery will occur in California, not in Indiana." *Volkswagen Aktiengesellschaft*, 2003 U.S. Dist. LEXIS 3550 at *7.

### 4. *The convenience of the witnesses*

Fourth, the convenience of the witnesses factor is neutral. Master Cutlery's witnesses will include employees of Continental Enterprises, who are in Indiana, and its own employees, who are in New Jersey. In addition to its California employees, Pacific identified two key third-party witnesses who reside in California. Pacific noted two other key third-party witnesses from China. Because potential witnesses would be travelling from New Jersey, Indiana, California, and China, litigation in either Indiana or California would require travel for at least some witnesses; thus, this factor is a wash.

### 5. *The convenience to the parties of litigating in the respective forums*

Finally, the convenience of the parties weighs slightly in favor of transfer. California is certainly more convenient than Indiana for Pacific. Master Cutlery argues that Indiana is more convenient, but this is "a convenience of its own making, based not upon its presence here, but rather on the fact that its investigator and attorney are located here." *See Heckler & Koch, Inc. v. Precision Airsoft, LLC*, 2010 U.S. Dist. LEXIS 28818, *6 (S.D. Ind. 2010) (granting defendant's

motion to transfer to Washington (defendant's home state) where plaintiff, a Virginia company, used Continental Enterprises' services and brought suit in Indiana). Although Master Cutlery characterizes Continental Enterprises as its agent, Continental Enterprises functionally serves as Master Cutlery's outside counsel for intellectual property matters. As the Seventh Circuit has instructed, "[c]onvenience of counsel is not a factor to be considered under 1404(a)." *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *see also Chobat v. Dale Earnhardt, Inc.*, 2013 U.S. Dist. LEXIS 133284, *10 (S.D. Ind. 2013). While California is located farther away from New Jersey than Indiana, Master Cutlery would have to travel, likely by plane, to litigate in either place. The gain in convenience to Pacific if this case is transferred is far greater than the loss of convenience to Master Cutlery.[6]

In summary, the Court gives little deference to Master Cutlery's choice of forum due to the fact that it does not reside here. Significantly, the case will likely be resolved faster in the Central District of California, and considerations of convenience to the witnesses and the parties, as well as other convenience factors, are either neutral or do not weigh against transfer. While transfers should not ordinarily "merely shift[] inconvenience from one party to another," *Research Automation*, 626 F.3d at 978, a transfer to the Central District of California will allow for a full and speedier resolution of all matters disputed in this case and the California Action, and foreclose the possibility of inconsistent judgments related to the parties' activity. The Court finds that the "interest of justice" factors weigh heavily in favor of transferring this matter to the Central District of California.

---

[6] As required for transfer under 28 U.S.C. § 1404(a), the Court also finds that this matter could have originally been brought in the Central District of California since that court clearly has personal jurisdiction over Pacific, which is a California corporation with its principal place of business in that district, [dkt. 22-1 at 1, ¶ 1].

## IV.
### CONCLUSION

Transferring this action to the Central District of California would strongly promote the interest of justice. Under the circumstances, transfer is "clearly" proper, *Coffey*, 796 F.2d at 220 (citation omitted). The Court therefore **GRANTS** Defendant's Motion to Transfer Venue, [dkt. 21]. The Court also **GRANTS** Plaintiff's Motion for Leave to File Surreply, [dkt. 31]. The Clerk is directed to **TRANSFER** this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Any previously ordered dates and deadlines are **VACATED** and any pending motions not addressed above are **TERMINATED**.

12/09/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Benjamin Ashurov
KB Ash Law Group P.C.
bashurov@kb-ash.com

Darlene R. Seymour
Continental Enterprises
dseymour@ce-ip.com